ERNEST L. BANKS, ETHEL M. BANKS, ROBERT C. WILSON, JR., AND EDNA S. WILSON, PLAINTIFFS, v. JAMES H. BOLTON, DEFENDANT.

Decided July 5, 1933.

For the motion, *Whiting & Moore.*

Opposed, *Frederick A. Pope.*

LAWRENCE, S. C. C. This is a motion to strike the answer filed in this cause on the ground that it is sham. The factual situation, as disclosed by the complaint and affidavits, appears to be that on November 11th, 1932, plaintiffs Ethel M. Hance and Edna B. Wilson were riding in an automobile owned and operated by defendant. It became involved in an accident, said to have been due to the careless driving of defendant, and the two women were injured. They and their

husbands retained counsel and suit was about to be brought when the respective attorneys for the parties entered into an agreement for settlement whereby defendant was to pay Mr. and Mrs. Banks $2,500 and Mrs. Wilson and her husband a like sum in consideration of their refraining from bringing a suit for compensation. This agreement is admitted in defendant's answer, but it is set up that plaintiffs breached it by bringing the present suit, whereupon the answer proceeds to deny the negligence charged, alleging that the women plaintiffs were mere licensees in defendant's car at the time of the accident and that there was no willful negligence on his part. This answer is apparently misconceived, in that it is made to rest on a denial of negligence upon the theory that the complaint is based on such negligence, whereas in fact it is made to set forth a breach of the agreement to settle and a recovery of the amount of the settlement is thereby sought. It is not laid on the original cause of action for negligence, which is referred to only as recital leading to the agreement to settle, and the answer, therefore, does not appear germane, excepting as to its admission that the agreement in question was made, and a denial of paragraph nine of the complaint that a reasonable time has elapsed for the payment of the amount agreed upon in settlement of the original claim and that a cause of action has arisen to recover it. It does not appear, however, that the time for payment was stipulated by the attorneys and the complaint accordingly rests on the rule of reasonable time. The facts and circumstances as to defendant's ability to pay and when are not set forth in the affidavits, although the statement is made in his own that following the agreement to settle he made an effort to raise the money, but could not. What is a reasonable time may be a question of law or one of fact, depending on the conditions, circumstances and facts in a given case. Here it would seem that the affidavits do not disclose sufficient information to justify the court in regarding the question of reasonable time as of law rather than of fact. Since it is therefore regarded as a question of fact, it follows that the motion to strike the answer will have to be denied, costs to abide the result of the suit.